UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ORLANDO RODRIGUEZ,  :
    Plaintiff  :
  :
v.  : CIVIL NO. 1:13-CV-2083
  :
  :
NATIONAL FREIGHT, INC., *et al.*,  :
    Defendants  :
  :
  :

*M E M O R A N D U M*

*I.*    *Introduction*

Presently before the court is Defendants' motion (Doc. 41) seeking dismissal of this action in light of Plaintiff's history of dilatory conduct throughout the course of this litigation. Because Plaintiff has repeatedly failed to meet his discovery obligations and continued to abuse the legal process despite repeated warnings from this court, we will grant Defendants' motion and dismiss this action with prejudice.

*II.*    *Background*

Plaintiff Orlando Rodriguez initiated this employment discrimination action against his former employer, a logistics company, and other defendants by filing a *pro se* complaint with this court on August 5, 2013. (Doc. 1).[1] The court conducted an initial review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed two of the

---

[1] Plaintiff's complaint names National Freight, Inc., Michael Crum, Dallas Foard, Karol Kempke, Bimbo Bakeries USA, Inc., Justin Failor, and Todd Putt as defendants. Defendants note that NFI Interactive Logistics LLC and Bimbo Bakeries USA, Inc. are the appropriate names of the business entities listed in the complaint.

counts with prejudice, and directed the United States Marshal to serve Defendants. (Doc. 5).

Following service, Defendants filed an answer (Doc. 8) denying all allegations of misconduct. Defendants subsequently filed an amended answer (Doc. 16) to add counterclaims arising under Pennsylvania law for defamation, tortious interference with business relationships, and wrongful use of civil proceedings/abuse of process. Defendants added these counterclaims in response to correspondence received by counsel for Defendants, in which Plaintiff threatened to contact Defendants' customers "to denounce [Defendants'] practices." (Doc. 18 at 3). Plaintiff's correspondence included a "sample letter" from Plaintiff to one of Defendants' customers, accusing Defendants of "[d]iscriminatory and abusive practices" that are "[i]llegal, [i]mmoral, or both." (*Id.* at 4). Plaintiff's stated purpose in sending this correspondence was to increase Defendants' cost of defending this suit.[2]

---

[2] Plaintiff has reiterated his goal in various filings with the court and correspondence with Defendants' counsel. *See* (Doc. 28 at 4-5) ("My real objective is taking place now. You will charge Defendants 1-2 hours just to respond each [sic] motion or communication, and even if you do nothing you will discuss it with Defendants. . . . Winning or not, I will have my justice . . . . One way or the other, the Cost [sic] of their defense for their Illegal Actions [sic] will bring me some sense of closure, and much deserved satisfaction . . . . I am not in any urgency or critical need and . . . will most likely wait until a level of costs for Defendants reach what I believe is Justice [sic], or see a serious desire on Defendants to Seattle [sic]."); *see also* (Doc. 17-1 at 12) ("For Defendants each act or motion is an additional 1-5 hours of costs - For [sic] me it is just Training- [sic] I am applying to Law School [sic] next year . . . and all this is not only my pursuit of Justice [sic] but the best training available . . . . Winning or losing, I am winning; the only issue here is what the cost for your Clients will be?").

On February 12, 2014, Defendants filed a motion (Doc. 17) requesting that the court issue a temporary restraining order and preliminary injunction to prevent Plaintiff from communicating with Defendants' customers in this harassing matter. Plaintiff did not file an opposition to the motion, but a review of his correspondence indicated that he was aware that Defendants had challenged his intended communications with their customers. By order issued February 18, 2014 (Doc. 20), we granted Defendants' request for a temporary restraining order and directed Plaintiff to respond to Defendants' pending request for a preliminary injunction. In his response, Plaintiff reaffirmed his intention to contact Defendants' customers and claimed that such conduct constituted protected free speech.

By memorandum and order dated March 13, 2014 (Doc. 32), we granted Defendants' request and preliminarily enjoined Plaintiff from contacting Defendants' customers regarding the issues underlying this lawsuit. We noted that Plaintiff's participation in this litigation did not afford him a license to disparage Defendants or damage their business relationships with impunity, and we concluded that all of the well-settled factors favored issuing a preliminary injunction. We also apprised Plaintiff that we would not countenance further abuse of the legal process through his intentional efforts to needlessly increase Defendants' costs of litigating this case. (*Id.* at 8).[3]

---

[3] Plaintiff appealed our decision, but the United States Court of Appeals for the Third Circuit dismissed his appeal on May 29, 2014 for failure to prosecute. (Doc. 52).

3

During the same time period we addressed the misconduct that prompted our issuance of the preliminary injunction, the court was also called to address Plaintiff's failure to participate in discovery. On February 12, 2014, Defendants filed a motion (Doc. 19) requesting that the court either compel Plaintiff's participation in discovery or dismiss the action in its entirety. Specifically, Defendants' motion and supporting documentation demonstrated that Plaintiff had: (1) failed to participate in the creation of the proposed case management plan required by Federal Rule of Civil Procedure 26(f) and the local rules; (2) failed to respond to the interrogatories or requests for production of documents propounded by Defendants pursuant to Rule 33 and 34; and (3) unilaterally cancelled his deposition on multiple occasions. Plaintiff filed a forty-page opposition to the motion, of which only a single paragraph was responsive to the issues raised by Defendants.

In response to these filings, we issued an order (Doc. 30) compelling Plaintiff to respond to Defendants' interrogatories and document requests by March 12, 2014. The same order directed Plaintiff to appear and be deposed at a time and location selected by Defendants, providing that Defendants noticed such deposition at least ten days prior. We declined to dismiss the case at that juncture, but we "expressly cautioned [Paintiff] that failure to comply with his discovery obligations or the terms of this order could result in the court imposing sanctions, which could include monetary penalties and/or the dismissal of this action." (*Id.* at 3).

On April 11, 2014, Defendants filed another motion (Doc. 41) to compel discovery or dismiss this action. Defendants' filings indicate that while he did respond to

the interrogatories, Plaintiff failed to respond to the document requests by the March 12, 2014 deadline established in our prior order. Defendants note that to date, Plaintiff has not filed a response, as required by Rule 34, indicating whether he objected to any of the requests, would be producing the documents, or would permit Defendants to inspect them. Instead of a timely response and ordered document production, Defendants note that they have been receiving a "flood" of incoherent emails from Plaintiff, some of which relate to his prior employment but are not responsive to Defendants' requests. (*See* Doc. 41-3). Defendants also note that they have been unable to depose Plaintiff.[4]

      Plaintiff filed three separate documents (Docs. 47, 53, 54) in opposition to Defendants' most recent motion to dismiss. While none of Plaintiff's filings in this matter has been the model of clarity, Plaintiff generally argues in these documents that he has complied with his discovery obligations and should have his case heard by a jury. Plaintiff, however, offers nothing other than his own conclusory assertions to counter Defendants' well-documented recitation of Plaintiff's repeated failures to provide discovery. The matter is now fully briefed and ripe for disposition.

---

[4] Defendants note that Plaintiff insists on being deposed in Georgia, despite our prior order informing Plaintiff that he had to appear for a deposition in the location of Defendants' choosing. Plaintiff filed a motion (Doc. 48) requesting that the deposition be held in Georgia as well. Defendants also contend that two days prior to the previously scheduled deposition, Plaintiff offered to settle the case in a ploy to avoid the deposition. Plaintiff subsequently filed a document entitled "Motion Asking the Court to –Disregard– On Its Totality Plaintiff's Prior Motion to Dismiss This Complaint" (Doc. 46). In essence, Plaintiff believes he previously filed a motion with the court requesting dismissal of this action–which he did not–and now seeks to have that request withdrawn. We will deny both of Plaintiff's motions (Docs. 46, 48) as moot in light of our dismissal of this action.

*III.        Discussion*

Courts are not helpless bystanders, powerless to stop litigants that abuse the legal process and repeatedly defy court orders. To the contrary, the Federal Rules of Civil Procedure empower courts to prevent such misconduct through sanctions that include the dismissal of cases. *See, e.g.*, Fed. R. Civ. P. 41(b) (authorizing the "involuntary dismissal" of a case where plaintiff fails to comply with a court order or the rules of civil procedure); Fed. R. Civ. P. 37(b) (authorizing dismissal of a case, among other sanctions, for failure to comply with a discovery order). In addition to this express authorization, courts also possess the inherent authority to sanction the misconduct of litigants. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 188-89 (3d Cir. 2002) (noting that "[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution," including the inherent power to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons") (citations and internal quotation marks omitted).

Given Plaintiff's history of dilatory conduct in this case, and the failure of lesser sanctions to stem the tide, we will exercise our prerogative and dismiss this action with prejudice. In the preceding section, we detailed Plaintiff's misconduct at length; here, a summary will suffice. Plaintiff has repeatedly failed to comply with his discovery obligations in this case, including his obligation to coordinate a discovery schedule, respond to interrogatories or document requests, or appear for his deposition. Despite

6

our prior order to compel compliance, Plaintiff again failed to produce documents in a timely or coherent manner and continues to resist being deposed in this matter.

Moreover, Plaintiff's tactics in pursuing this litigation amount to an abuse of the legal process. By his own admission, Plaintiff has endeavored to needlessly increase Defendants' defense costs. The court's express denouncement of this practice has not deterred Plaintiff.

In sum, despite our repeated efforts at lesser sanctions–including the issuance of a temporary restraining order, a preliminary injunction, and an order to compel discovery–Plaintiff's misconduct continues unabated. Given these circumstances, we conclude that dismissal of this action is the appropriate recourse.

*IV.*      *Conclusion*

For the foregoing reasons, we will grant Defendant's motion (Doc. 41) and dismiss this action with prejudice. We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge